United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES FOR THE LABORERS HEALTH & WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>P & J UTILITY COMPANY,<br><br>Defendant. | Case No. 21-cv-01075-DMR<br><br>**ORDER DENYING MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 21 |

Plaintiffs Board of Trustees for the Laborers Health & Welfare Trust Fund for Northern California ("Plaintiffs") move for service by publication of the summons in this lawsuit against Defendant P&J Utility Company ("Defendant"). This motion is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, the motion is denied without prejudice.

On February 11, 2021, Plaintiffs filed a complaint alleging that Defendant failed to make fringe benefit contributions to trust funds administered by Plaintiffs, in violation of the parties' collective bargaining agreement and the Employee Retirement Income Security Act. [Docket No. 1.] Plaintiffs seek to recover $371,658.87 in unpaid contributions, $341,080.82 in liquidated damages and interest, and $600 in liquidated damages-related fees, plus attorneys' fees.

On March 11, 2021, Plaintiffs filed a proof of service indicating that the previous day, a process server served the complaint and related documents via First Class Mail at an address in Davis, California related to Daniel J. Miller ("D. Miller"), Defendant's agent for service of process. [Docket No. 8.] The process server also served the complaint and document via substituted service on a person identified as Taya Miller at the same address. [Docket No. 8]. On

1   April 13, 2021, Plaintiffs filed a second proposed summons addressed to Gregory C. Miller ("G.
2   Miller") at the same address in Davis; the Clerk issued that summons the following the day.
3   [Docket Nos. 9-10.] Plaintiffs did not file anything indicating that the second summons was
4   returned executed or unexecuted.

5   On March 8, 2022, Plaintiffs filed this motion with an accompanying declaration from
6   their counsel Craig L. Schechter that purports to fill in factual gaps relating to service. [Docket
7   No. 21.] However, Plaintiffs' motion and accompanying declaration are deficient in several
8   respects. First, the motion does not address any case law on service by publication. California
9   law allows for service of a summons by publication only "if upon affidavit it appears to the
10  satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served
11  in another manner" of service, and "[a] cause of action exists against the party upon whom service
12  is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code §
13  415.50(a)(1). "Because of due process concerns, service by publication must be allowed 'only as
14  a last resort.'" *Duarte v. Freeland*, No. 05-cv-2780-EMC, 2008 WL 683427, at *1 (N.D. Cal.
15  Mar. 7, 2008) (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)). The "reasonable
16  diligence" requirement of section 415.50 "denotes a thorough, systematic investigation and
17  inquiry conducted in good faith by the party or his agent or attorney." *Watts*, 10 Cal. 4th at 749
18  n.5 (citation omitted); *see Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137-38 (1996). "Before
19  allowing a plaintiff to resort to service by publication, the courts necessarily require him to show
20  exhaustive attempts to locate the defendant, for it is generally recognized that service by
21  publication rarely results in actual notice." *Watts*, 10 Cal. 4th at 749 n.5. "If a defendant's
22  address is ascertainable, a method of service superior to publication must be employed," such as
23  mail or substitute service. *Id.* at 749 n.5; *see* Cal. Civ. Proc. Code § 415.10-.40. Plaintiffs' papers
24  fail to demonstrate their reasonable diligence and exhaustive attempts at service to justify the use
25  of this "last resort" method. Any renewed motion must include legal citations and proper
26  argument.

27  Also, the declaration attaches a single exhibit that contains private investigators' reports,
28  process server receipts, and emails. The declaration does not authenticate the records or explain

their significance, leaving it to the court to guess at which documents support the assertions in the declaration and to piece together a complete timeline of events. Any renewed motion must include a declaration that properly authenticates exhibits, which should be separately tabbed. Plaintiffs must also provide chambers copies pursuant to section 5 of the court's standing order.

Additionally, the declaration does not provide any independent evidentiary support for the existence of a cause of action against Defendant. *See* Cal. Civ. Proc. Code § 415.50(a)(1); *Hernandez v. Srija, Inc.*, No. 19-1813-LB, 2019 WL 4417589, at *2 (N.D. Cal. Sept. 16, 2019); *Cummings v. Brantley Hale*, No. 15-cv-4723-JCS, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016)). "Under California law, service by publication is neither appropriate nor valid without such an affidavit." *Cummings*, 2016 WL 4762208, at *3. Plaintiffs also do not name the newspaper where they request the summons to be published and explain why that newspaper would give Defendant actual notice of this lawsuit. Cal. Civ. Proc. Code § 415.50(b)-(c); *see* Cal. Gov't Code § 6064.

Accordingly, the motion is denied without prejudice. Plaintiffs should be prepared to address all of the deficiencies explained here if they wish to serve the summons via publication. Plaintiffs shall file a renewed motion or a status report by **May 27, 2022**.

**IT IS SO ORDERED.**

Dated: April 27, 2022



Donna M. Ryu
United States Magistrate Judge