1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES FOR THE
LABORERS HEALTH & WELFARE
TRUST FUND FOR NORTHERN
CALIFORNIA, et al.,

            Plaintiffs,

     v.

P & J UTILITY COMPANY,

            Defendant.

Case No. 21-cv-01075-DMR

**ORDER GRANTING MOTION FOR
ORDER ALLOWING SERVICE ON
THE SECRETARY OF STATE AS TO
DEFENDANT P&J UTILITY
COMPANY**

Re: Dkt. No. 53

Plaintiffs, the Board of Trustees, in their capacities as Trustees of the Laborers Health And Welfare Trust Fund For Northern California; Laborers Vacation-Holiday Trust Fund for Northern California; Laborers Pension Trust Fund for Northern California; and Laborers Training and Retraining Trust Fund for Northern California move for an order permitting service on Defendant P&J Utility Company ("P&J") by hand delivery to the California Secretary of State. [Docket No. 53.] Pursuant to Civil L.R. 7- 1(b), this matter is suitable for determination without hearing. For the reasons discussed below, the motion is granted.

**I.      BACKGROUND**

Plaintiffs' service efforts have been described in previous orders. [Docket Nos. 26, 36, 50.] In support of the present motion, Plaintiffs' attorney has proffered a declaration recounting how Plaintiffs' process server has attempted to serve P&J and its designated agent and officers without avail. [Docket No. 53-1 (Craig L. Schechter Decl., May 31, 2023).] The declaration describes several service attempts:

**41 Dorman Avenue in San Francisco.** Four attempts at service were made at P&J's

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

registered address on the California Secretary of State website on February 19, February 23, February 25, and March 1, 2021.  Schechter Decl. ¶¶ 4, 6, Exs. A, C.  Service could not be effectuated at that address: because of COVID-19 restrictions in place at that time, the process server was unable to access the building.  *Id.*, Ex. C.  Plaintiffs' process server again attempted service at the San Francisco address on May 14 and May 18, 2021.  Schechter Decl. ¶ 15.  While the process server could access the building, none of the office doors displayed P&J's name.  *Id.*, Ex. K.

**174 Cazneau Avenue in Sausalito.**  Two attempts were made to serve P&J's Chief Executive Officer and registered agent for service of process, Daniel J. Miller ("D. Miller"), at his last known home address.  Schechter Decl. ¶¶ 4, 7.  During the second attempt, on March 4, 2021, an occupant of 174 Cazneau Avenue informed the process server that D. Miller had passed away three years prior.  *Id.* ¶ 7, Ex. D.

**4201 San Jeronimo Terrace in Davis.**  Following these attempts, Plaintiffs' counsel conducted a public records search to locate an address for Gregory C. Miller ("G. Miller"), listed as P&J's Secretary/Chief Financial Officer on the California Secretary of State website.  His current address was located in Davis.  On March 10, 2021, a process server served the complaint and related documents on D. Miller via substituted service on a person identified as Taya Miller at the Davis address.  Schechter Decl. ¶ 8; [*see also* Docket No. 8 (proof of service).]  On April 13, 2021, Plaintiffs filed a new proposed summons addressed to G. Miller at the same address in Davis; the Clerk issued that summons the following day.  [Docket Nos. 9, 10.]  The process server attempted to serve G. Miller at the Davis address on April 14, 15, 16, and 18, 2021.  Schechter Decl. ¶ 10.  Those attempts were unsuccessful.  *Id.*, Ex. F.  A skip trace to locate G. Miller confirmed his address in Davis.  *Id.* ¶ 11, Ex. G.  Despite surveilling the Davis address on April 30 and May 1, 2021, Plaintiffs' process server was unable to locate or personally serve G. Miller.  *Id.* ¶ 12, Ex. H.

**7395 Rainbow Drive in Cupertino.**  On May 3, 2021, Plaintiffs' process server located a prior address for G. Miller in Cupertino.  Schechter Decl. ¶ 13.  The process server conducted surveillance at the Cupertino address on May 4, 5, and 6, but determined that the address was not a valid address for G. Miller.  *Id.*, Ex. I.  The process server attempted to contact G. Miller by calling four telephone numbers associated with him but three of them were disconnected.  The process server left a message at the fourth number, but the call was never returned.  *Id.* ¶ 14, Ex. J.

Pursuant to these failed service attempts, Plaintiffs' counsel engaged a private investigation firm in September 2021.  Schechter Decl. ¶ 16.  The firm's reports "did not identify any addresses or real property assets that were unknown to Plaintiffs," "showed G. Miller's home address as the Davis Address," "indicated that [P&J] is owned by G. Miller," and that "[P&J]'s business address is the San Francisco Address."  *Id.*, Exs. L, M.  The firm's report on P&J identified the names of purported officers of the company but did not provide addresses or any other identifying information for these individuals.  *Id.* ¶ 17, Ex. L.  Plaintiffs' counsel has also

1  been unable to locate addresses or contact information for the officers listed in the firm's report.

2  *Id.* ¶ 18.

3  Finally, on May 13, 2022, Plaintiffs' counsel attempted to serve the Summons and

4  Complaint, along with a Notice of a Lawsuit and Request to Waive Service of a Summons on P&J

5  by certified mail at the San Francisco and Davis addresses.  Schechter Decl. ¶ 19; [Docket. No.

6  28-1.]  Both mailings were returned in June 2022 without forwarding addresses.  *Id.* ¶ 19, Ex. N.

7  **II.     DISCUSSION**

8  When a plaintiff cannot with "reasonable diligence" locate a defendant's designated agent

9  or any other person authorized to receive service, Federal Rule of Civil Procedure 4(e)(1) and Cal.

10  Corp. Code § 1702(a) permit an application for a court order that service be made by hand

11  delivery of the summons and complaint to the California Secretary of State.  *See* Cal. Corp. Code

12  § 1702(a) (court order appropriate if "it is shown by affidavit to the satisfaction of the court that

13  process against a domestic corporation cannot be served with reasonable diligence upon the

14  designated agent by hand"); Fed. R. Civ. P. 4(e)(1) (authorizing service in any manner permitted

15  by state where district court is located).  Prior to seeking an order for service upon the Secretary of

16  State, a plaintiff must demonstrate that "the corporation cannot be served with the exercise of due

17  diligence in any other manner provided by law."  *Verizon California Inc. v. OnlineNIC Inc.*, No. C

18  08-2832 JF(RS), 2008 WL 4848881, at *3 (N.D. Cal. Nov. 7, 2008) (granting ex parte application

19  for service by delivery to Secretary of State) (quoting *Batte v. Bandy*, 165 Cal. App. 2d 527, 535

20  (1958)).  California law authorizes two forms of service upon a defendant corporation that are

21  applicable here: (a) service upon the person designated as agent for service of process; or (b)

22  service on "the president, chief executive officer, or other head of the corporation, a vice

23  president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief

24  financial officer, a general manager, or a person authorized by the corporation to receive service of

25  process."  Cal. Civ. Proc. Code § 416.10(a)-(b).

26  Plaintiffs have been diligent in their attempts to serve P&J.  Plaintiffs attempted to serve

27  P&J's registered agent for service, D. Miller, but later learned that he was deceased.  It appears

28  that P&J has not updated its registration records with the California Secretary of State, as D.

United States District Court
Northern District of California

3

1   Miller is still listed as P&J's current Chief Executive Officer and registered agent for service.

2   Plaintiffs also made multiple attempts to serve other individuals authorized by P&J to receive

3   process, such as G. Miller, to no avail.  Plaintiffs searched for and tried to locate addresses for

4   other corporate officers of P&J but could not find addresses or contact information for these

5   individuals.

6          Accordingly, the court concludes that service upon P&J may be made through service

7   upon the California Secretary of State.  Plaintiffs' motion is granted.  For reasons related to case

8   administration, the pending motion for default judgment (Docket No. 46) is denied without

9   prejudice to Plaintiff's ability to re-submit the motion once service on P&J has been effectuated.

10

11         **IT IS SO ORDERED.**

12   Dated: July 17, 2023

13   _____
                              Donna M. Ryu
14                         Chief Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4